IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>LUIS LOPEZ,<br><br>　　　　　　Defendant. | 8:21CR118<br><br><br>**AMENDED MEMORANDUM<br>AND ORDER** |

　　This matter is before the Court on defendant Luis Lopez's ("Lopez") *pro se* Motion for Reduction of Sentence/Vacate Sentence under 18 U.S.C. § 3582(c)(1)(A)(i) (Filing No. 83).[1] Such requests are commonly referred to as motions for compassionate release. *See United States v. Totaro*, 91 F.4th 1263, 1264 (8th Cir. 2024).

　　Lopez seeks compassionate relief apparently based upon his belief that he was somehow illegally sentenced. Although not totally clear, he apparently claims that a 21 U.S.C. § 851 enhancement was improperly applied to him. In fact, the 21 U.S.C. § 851 enhancement was never raised or applied to Lopez. He also seems to argue that he was never found with any drugs, and that the 50 grams or more of methamphetamine that he was charged with was "imaginary." Lopez ignores that he plead guilty to the charge and that he agreed the $89,930 seized from him was proceeds from the drug-trafficking offense.

---

　　[1]Within his filings, Lopez states in passing that his attorney "ineffectively represented him" and that his sentence should be vacated on that basis and others. Such motions seeking to vacate a judgment generally must be brought within one year of when the judgment of conviction becomes final. *See* 28 U.S.C. § 2255(f)(1). The Court sentenced Lopez on June 17, 2022, and he did not appeal. To the extent his current motion seeks relief under 28 U.S.C. § 2255 at this late date, it is patently untimely, and he gives the Court no reason to think otherwise. Given the circumstances, the Court will not issue a certificate of appealability. See 28 U.S.C. § 2253(c)(1)(B); Fed. R. App. P. 22(b); *Rose v. United States*, 153 F.4th 664, 666 (8th Cir. 2025).

I.   BACKGROUND

On April 22, 2021, a single-count Indictment was filed against Lopez charging him and a co-defendant with conspiracy to distribute and possess with intent to distribute 50 grams or more of a mixture or substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1) and 846.  Lopez entered a plea to the charge on March 8, 2022.  He was sentenced on June 17, 2022 to 90 months incarceration followed by 4 years of supervised release.  No appeal was taken from that judgment.

Lopez seeks compassionate release but does not plead that he has met the requirements of 18 U.S.C. § 3582(c)(1)(A), that is, he does not aver or provide evidence that he "has fully exhausted all administrative rights."  As amended by the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (2018), 18 U.S.C. § 3582(c)(1)(A)(i) authorizes Lopez to ask the Court to "reduce [his] term of imprisonment" for "extraordinary and compelling reasons" thirty days after the warden of the facility where he is incarcerated receives a request to file such a motion on his behalf.  *See United States v. Sims*, 87 F.4th 917, 919 (8th Cir. 2023).  As a result, Lopez's compassionate release motion is denied without prejudice pending exhaustion of his remedies through the Bureau of Prisons, and reassertion here.[2]

Based on the foregoing, (1) Lopez's motion for relief under 18 U.S.C. § 3582(c)(1)(A) is denied without prejudice, and (2) Lopez's request that his sentence be vacated under 28 U.S.C. § 2255 for ineffective assistance of counsel is denied as untimely.  No certificate of appealability will issue.

---

[2]The issues raised by Lopez a part of his request for compassionate release do not appear (as presented) to fall within the "extraordinary and compelling reasons" laid out in U.S.S.G. § 1B1.13(b).

IT IS SO ORDERED.

Dated this 30th day of December 2025.

BY THE COURT:

Robert F. Rossiter, Jr.
Chief United States District Judge